# Wuerl v. TEDCO Construction Corp.

C.P. of Allegheny County, no. GD04-021328.

*Joseph Bosick* and *Mark T. Caloyer,* for plaintiff.

*Douglas C. LaSota* and *Edward Yurcon,* for defendant TEDCO Construction Corp.

*Avrum Levicoff* and *Joshua N. Perlman,* for defendant Elmhurst Corporation, t/d/b/a The Elmhurst Group, and Fifth & Craig Street L.P.

*Rochelle Koerbel, Thomas Birris,* and *Stuart Sostmann,* for defendant Douglass Pile Co. Inc.

*Mark Reilly,* for additional defendant Noralco Corp.

*Robert J. Burnett* and *Ann B. Graff,* for additional defendant Construction Engineering Consultants Inc.

*Robert A. Arcovio, Gary L. Balint,* and *Stephen P. Plonski,* for non-party Church Mutual Insurance Company.

WETTICK, *J.,* July 20, 2006—Elmhurst Corporation's motion to compel directed at Church Mutual Insurance Company is the subject of this opinion and order of court.

This lawsuit was filed on September 7, 2004. Plaintiff alleges that defendants' construction activities at a construction site across the street from plaintiff's property caused structural damage to St. Paul Cathedral and other buildings.

At the time of the incident, the buildings on plaintiff's property were covered by insurance furnished by Church Mutual Insurance Company. After receiving notice of the damage, Church hired WJE (an engineering firm) to

inspect plaintiff's properties and issue a report. WJE prepared its initial report on September 8, 2004 after conducting an inspection of plaintiff's properties on August 20, 2004.

## I.

Elmhurst seeks a court order compelling Church Mutual to produce this report. Church Mutual contends that the report is protected by Pa.R.C.P. 4003.5(a)(3), which provides that a party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial, and who is not expected to be called as a witness.[1] However, this provision does not apply. Rule 4003.5(a)(3) protects only facts and opinions held by an expert who has been retained "by another party." The expert whose report is sought was not retained by any party to this litigation.[2] Instead, the expert was retained by plaintiff's insurance company.

Church contends that a report prepared at Church's request should be treated as a report prepared for plaintiff; Church should be characterized as a representative of plaintiff, employing an expert on plaintiff's behalf for purposes of litigation which plaintiff was expected to commence against third parties. This is a mischaracter-

---

1. There is no evidence that plaintiff expects to call as witnesses at the trial of these proceedings the persons who prepared the report on behalf of WJE.

2. Church is not a party to this litigation because it has not made any payments to plaintiff for any property damage that plaintiff seeks to recover from defendants.

ization. Church hired WJE to protect its interests. These interests do not necessarily coincide with plaintiff's interests because of the possibility of a dispute between plaintiff and Church as to what is covered by insurance and the amount of money the insurance company should pay.[3]

In this case, the record shows that there was a potential coverage dispute at the time WJE was inspecting the property for purposes of issuing a report to Church. See, for example, an August 23, 2004 letter to Robert Gebhardt (Church Mutual senior property adjuster) from Marsh USA (plaintiff's adjuster) stating that based on an August 12, 2002 conference call, "we understand that you will be forwarding to this office, a copy of a reservation of rights letter, which is being directed to Messers Stewart and Zielinski at the diocese." Elmhurst's motion to compel, exhibit E at CM00247. Also see an August 12, 2004 e-mail from WJE which states: "We understand that the Archdiocese of Pittsburgh intends to make a claim on damage to St. Paul Cathedral in Pittsburgh due to vibrations from pile driving from adjacent construction. We also understand that they have their own engineer and contractor in place and are investigating areas of potential damage." Elmhurst's motion to compel, exhibit E at CM00001.

In this case, I need not decide whether there would be merit to an argument that Church's report is protected under Rule 4003.5(a)(3) because it was prepared in an-

---

3. The fact situation in this case is very different from the fact situation in which a defendant's insurer has assumed responsibility for plaintiff's claims against that defendant.

ticipation of litigation with plaintiff. Church has characterized itself as plaintiff's representative and has never claimed that it retained WJE in anticipation of litigation with plaintiff. In addition, it is not clear that this court would recognize a claim that the report was made in anticipation of litigation with plaintiff. See *Wolf v. Old Guard Mutual Insurance Company,* 47 D.&C.3d 218, 221-22 (Cumberland Cty. 1987), where the court ruled that an expert has not been retained "in anticipation of litigation or preparation for trial" within the meaning of Rule 4003.5(a)(3) until the insurance company has made the decision not to make payment under the policy; "where an investigation was conducted as an aid in determining whether or not payment should be made, it is not conducted in anticipation of a lawsuit." Also see *Bair Estate v. Harrisburg Hunters and Anglers Association,* 5 D.&C.4th 545 (Dauphin Cty. 1990).

For these reasons, Elmhurst's motion to compel production of an unredacted report of WJE is granted.

## II.

Elmhurst's motion also seeks unredacted reports of York Claims Services Inc., an outside adjuster that monitored the parish's alleged damages in this litigation for Church. These reports are not reports of an expert. Church contends that portions of these reports are protected under Pa.R.C.P. 4003.3, which governs trial preparation material. With respect to the representative of a party other than a party's attorney, Rule 4003.3 provides that "discovery shall not include disclosure of mental impressions, conclusions, or opinions respecting the value or

merit of a claim or defense or respecting strategy or tactics." However, this rule protects only such disclosures prepared in anticipation of litigation or trial.

It is questionable whether these reports were prepared "in anticipation of litigation or trial" within the meaning of Rule 4003.3 because Church is not a party to any litigation and plaintiff has not filed a claim with Church. See *Wolf v. Old Guard Mutual Insurance Company, supra.*

However, even assuming that these reports of York Claim Services Inc. are deemed to have been prepared in anticipation of litigation between plaintiff and Church, I have ruled that Rule 4003.3's protections apply only to the litigation of a claim for which the impressions, conclusions, and opinions were made (*i.e.,* a claim by plaintiff against Church). *Mueller v. Nationwide Mutual Insurance Co.,* 144 Pitt.L.J. 395, 31 D.&C.4th 23 (1996); *Little v. Allstate Insurance Company,* 128 Pitt.L.J. 428, 16 D.&C.3d 110 (1980). Also see *Yablonski v. Stephens,* 40 D.&C.4th 504, 507 (Huntingdon Cty. 1998); *Yohe v. Nationwide Mutual Life Insurance Co.,* 7 D.&C.4th 300 (York Cty. 1990).

For these reasons, Elmhurst's motion to compel production of unredacted reports of York Claims Services Inc. is granted.

### III.

Elmhurst's motion to compel production of unredacted e-mails, withheld solely on the ground of relevancy, is granted because there is no description of the contents of what was withheld which would enable Elmhurst or this court to review these objections.

## ORDER

On July 20, 2006, it is hereby ordered that within 20 days, Church Mutual Insurance Company shall produce the documents described in the opinion accompanying this order of court.